*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONALD ARTHUR KINDRED,

        Defendant-Appellant.

UNPUBLISHED
July 27, 2023

No. 360752
Oakland Circuit Court
LC No. 2020-274685-FH

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with a dangerous weapon, MCL 750.82, and resisting or obstructing a police officer, MCL 750.81d(1). Defendant was sentenced to time served (four days in jail) and 18-months of probation. We affirm.

## I. FACTS

This case arises from a dispute between defendant and Robert Strasburg on June 9, 2020. At that time, defendant and Strasburg were neighbors at an apartment complex in Lake Orion, Michigan. On that day, Strasburg learned that defendant was upset and had made negative comments because Strasburg's children had used chalk to draw on a concrete wall between the apartments. Strasburg went to defendant's apartment and confronted him. The men argued briefly, then Strasburg walked away. Defendant followed Strasburg, then used makeshift cinderblock steps to climb to the top of the short concrete wall, telling Strasburg to follow him to the parking lot. Strasburg followed defendant up the makeshift steps. Strasburg testified that while following defendant toward the parking lot, he stumbled. When he recovered from the stumble and looked up, defendant hit him in the face with a rock. Strasburg testified that he experienced "white light" and "ringing" and felt blood on his face.

Cameras that defendant installed by his apartment door recorded portions of the events. The videos show Strasburg at defendant's door, apparently talking to defendant. The conversation is very brief, and Strasburg appears calm. Strasburg then calmly walks away; defendant follows him, raising his arms in an agitated gesture. Defendant then climbs the makeshift concrete block steps to the top of the concrete wall, and Strasburg follows. The events at the top of the stairs that

resulted in Strasburg's injuries were not recorded. The videos show defendant returning to his apartment less than two minutes later.

Shortly thereafter, Strasburg called the police and reported that defendant hit him in the face with a rock. Defendant also reported the incident to the police. Lake Orion Police Officer Christopher Richardson arrived at the scene and spoke with both men. The officer's bodycam video shows Strasburg bleeding from his nose and forehead. Officer Richardson collected the rock as evidence from the parking lot near the sidewalk to the apartments. The rock weighed about 10 pounds and had blood on it. Defendant told Officer Richardson that he and Strasburg had exchanged words, pushed each other, and started "rolling around" in the parking lot. Defendant stated he did not know what caused Strasburg's injuries. When asked about the rock, defendant told Officer Richardson that he lacked the strength to pick up a rock that large. Defendant also showed the officer abrasions on his arms, legs, and face that he asserted were caused by the fight with Strasburg.

When Officer Richardson told defendant he was under arrest, defendant responded, "No, I'm not," and pulled away from the officer. Officer Richardson testified that he gave defendant at least 26 verbal commands to comply and that defendant refused each order. Eventually, Officer Richardson restrained defendant and handcuffed him. Officer Richardson's testimony is consistent with his bodycam video.

Defendant testified that on the night in question, Strasburg knocked on his door and yelled at him about threatening Strasburg's children. Defendant responded that he did not know what Strasburg was talking about. Strasburg walked away and defendant followed, then went up the makeshift steps that led to the parking lot. Defendant testified that Strasburg followed him up the stairs, pushed him from behind, then dragged him around the parking lot "like a rag doll," hitting defendant's head on something. Defendant denied that he had resisted arrest, that he had been protecting himself while the officer attempted to place him under arrest, and that his legs had gotten caught underneath him.

Lake Orion Police Lieutenant Todd Stanfield testified that defendant came to his office numerous times to discuss the case and that defendant told him the blood on the rock was defendant's, not Strasburg's. Police had the blood on the rock analyzed, and the lab report from the Oakland County Crime Lab concluded that the blood on the rock was a positive match for Strasburg's DNA.

Dr. James Bauer testified that defendant would be unlikely to be able to lift anything greater than 5 or 10 pounds above his shoulder because defendant had undergone surgery for lung cancer and was missing a portion of his right lung, and previously had suffered a torn ligament in his shoulder and also a hernia.

At the conclusion of trial, the jury convicted defendant of assault with a dangerous weapon, MCL 750.82, and resisting or obstructing a police officer, MCL 750.81d(1). Defendant now appeals.

## II. DISCUSSION

-2-

Defendant contends that he was denied the effective assistance of counsel because counsel failed to (1) have additional testing done on the rock, (2) present evidence of the injuries defendant suffered during the incident, (3) present evidence of medical issues defendant suffered prior to the incident, (4) present evidence that the police bodycam video of the scene may have been altered, (5) call witnesses to testify regarding defendant's character, (6) move to bifurcate the charges, and (7) impeach Strasburg's testimony.

We note initially that defendant's claim is unpreserved. To preserve the issue of ineffective assistance of counsel for appellate review, the defendant must either move for a new trial, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or file with this Court a motion for remand for a *Ginther*[1] hearing. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Because defendant did not take these actions, our review of this unpreserved issue is limited to mistakes apparent on the record. See *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018).

A criminal defendant is entitled to the effective assistance of counsel, and is presumed to have received effective assistance. *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022). Trial counsel is deemed to be ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To obtain a new trial on the basis that trial counsel was ineffective, the defendant must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51-52; 826 NW2d 136 (2012).

Trial counsel's decisions are presumed to arise from sound trial strategy. *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020). "[D]ecisions regarding what evidence to present, what evidence to highlight during closing argument, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). In addition, trial counsel is not ineffective for failing to make a futile objection or to advance a meritless argument. *People v Zitka*, 335 Mich App 324, 341; 966 NW2d 786 (2020).

## A. ADDITIONAL TESTING OF THE ROCK

Defendant contends that trial counsel was ineffective for failing to have additional testing done on the rock allegedly used to strike Strasburg. Defendant argues that trial counsel should have had the rock tested to determine whether the blood splatter on the rock was inconsistent with Strasburg being struck with the rock and to establish that defendant's DNA was not on the rock.

We note initially that defendant does not identify potential expert testimony that would support his theory and therefore fails to establish the factual predicate of his claim of ineffective

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

assistance of counsel. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) ("To the extent [the defendant's] claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately" (citation omitted).) As noted, defendant presented no support for his theory that analysis of the rock would reveal whether the rock was the object used to strike Strasburg.

In this case, counsel's decision not to obtain further testing of the rock was a matter of trial strategy. As noted, to demonstrate that trial counsel was ineffective, a defendant must overcome the strong presumption that counsel's actions were sound trial strategy under the circumstances, *Trakhtenberg*, 493 Mich at 52, and the decision of what evidence to introduce is presumed to be a matter of trial strategy. *People v Posey*, 334 Mich App 338, 352; 964 NW2d 862 (2020). Here, we observe that defendant's argument on appeal that the blood was placed on the rock is not consistent with his statement to police before trial that the blood on the rock was his own blood, not Strasburg's blood. Police then tested the blood on the rock, which demonstrated that the blood was Strasburg's. Given that the theory that the blood was placed on the rock is inconsistent with defendant's statement to police, trial counsel may have made the strategic decision not to pursue further the origin of the blood on the rock. It also is possible that defense counsel made a strategic decision to not further test the rock in order to avoid the potential of positive test results for defendant's DNA. At trial, defense counsel was able to argue that reasonable doubt existed as to whether defendant touched the rock. We conclude defense counsel may have reasonably concluded that the risk of the test coming back positive for defendant's DNA outweighed any benefit of further testing. We therefore conclude that defendant failed to overcome the presumption that counsel's decision not to conduct further testing on the rock was sound trial strategy.

## B. DEFENDANT'S ALLEGED INJURIES

Defendant contends that his trial counsel was ineffective for failing to present evidence that he suffered injuries during the incident. Defendant argues that trial counsel should have presented records or called as witnesses the persons from the Lake Orion Fire Department or the hospital who evaluated him after the incident. Defendant, however, does not identify the potential witnesses, the anticipated testimony of those witnesses, nor how this evidence would have been favorable to him. Defendant thereby again fails to establish the factual predicate of his claim of ineffective assistance of counsel. See *Hoag*, 460 Mich at 6. Further, defendant again fails to rebut the presumption that trial counsel's decision regarding what evidence to introduce and what witnesses to call is a matter of trial strategy. See *Posey*, 334 Mich App at 352.

In addition, defendant fails to establish the relevance of the proposed evidence. It is not disputed that defendant suffered minor injuries as a result of his physical altercation with Strasburg. However, evidence was presented that defendant escalated a minor argument by hitting Strasburg in the face with a rock. That evidence would not be refuted by the proposed evidence that defendant also was injured in the struggle that occurred after he hit Strasburg with the rock. Based on the record evidence, defendant has failed to show that evidence of defendant's alleged injuries suffered during the incident would have affected the outcome of the trial.

## C. DEFENDANT'S PRIOR MEDICAL ISSUES

Defendant contends his trial counsel was ineffective for failing to present evidence that defendant suffered health problems before the incident that meant that he lacked the physical ability to hit Strasburg with the rock. Defendant asserts that he underwent surgery for lung cancer in which a portion of his lung was removed, was treated for throat and lymph node cancer, and five months before the incident underwent surgery for a hernia and to remove a testicle. Defendant argues his trial counsel did not adequately conduct a thorough direct examination of Dr. Bauer regarding these injuries and did not introduce medical records regarding the extent of his disability.

A review of the record, however, demonstrates that Dr. Bauer at trial specifically testified as to defendant's lung cancer and surgeries, and that defendant had suffered a torn ligament and was likely unable to lift or throw heavy objects. Given that evidence of defendant's medical history and physical limitations was presented at trial, we conclude defendant's trial counsel's performance did not fall below an objective standard of reasonableness when addressing defendant's lack of physical ability to assault Strasburg with the rock. Defendant has not demonstrated that further testimony by Dr. Bauer would have created a reasonable probability that "the outcome of the proceedings would have been different."

## D. VIDEO EVIDENCE

Defendant contends that his trial counsel was ineffective for failing to present evidence that the police bodycam videos of the scene may have been altered to delete certain portions. Defendant, however, presents no evidence to support his allegation, nor does defendant explain what the deleted portions of the video would show and how that would affect the outcome of the proceedings. A review of the record indicates that each video admitted during trial showed continuous and uninterrupted footage; none of the timestamps in the videos showed any period of missing time. Based on the continuous video presented at trial, we conclude that defendant failed to establish a factual basis for his claim and failed to establish how the outcome of the trial would have been different had his trial counsel presented this claim to the jury.

## E. CHARACTER WITNESSES

Defendant also contends that his trial counsel was ineffective for failing to call character witnesses to testify regarding defendant's reputation for peacefulness and honesty. Defendant again fails to establish the factual predicate for his claim; he has not identified available character witnesses and their anticipated testimony. Defendant further has failed to rebut the presumption that trial counsel may have declined to call character witnesses as a matter of trial strategy. Defendant testified that the "officers in Lake Orion all know who I am" and that he had a "past history" with Officer Richardson. We conclude defense counsel may have chosen not to call character witnesses in support of defendant to avoid the witnesses being asked on cross-examination about any instances or conduct regarding defendant's bad character or reputation with the police, and to avoid the prosecution rebutting this evidence with other witnesses. Thus, we conclude defendant failed to overcome the strong presumption that his trial counsel implemented sound strategy in declining to call character witnesses.

## F. BIFURCATED CHARGES

Defendant contends that his trial counsel was ineffective for failing to move for defendant's charges to be bifurcated, arguing that the jury was prejudiced by hearing the evidence of the assault charge in the same proceeding as the resisting and obstructing charge. On appeal defendant provides no analysis for his contention that bifurcation of the charges was warranted in this case, and thereby has abandoned this issue on appeal. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

We also conclude defendant's trial counsel was not ineffective for failing to move for separate trials on the two charges. Under MCR 6.120(A), "[t]he prosecuting attorney may file an information or indictment that charges a single defendant with any two or more offenses." MCR 6.120(C) states that, "[o]n the defendant's motion, the court must sever for separate trials offenses that are not related as defined in subrule (B)(1)." MCR 6.120(B)(1) provides, "offenses are related if they are based on . . . a series of connected acts." The evidence presented established that defendant resisted and obstructed a police officer when he was arrested for the assault of Strasburg, demonstrating a connection between defendant's offense of resisting and obstructing an officer and defendant's act of felonious assault. Because both charges were related and based on the same series of connected acts, defendant was not entitled to sever the two charges, and defense counsel was not ineffective for failing to advance a futile or meritless argument. See *Zitka*, 335 Mich App at 341.

## G. IMPEACHMENT OF STRASBURG

Defendant contends his trial counsel was ineffective for failing to impeach Strasburg. Defendant argues that Strasburg's statements to Officer Richardson at the scene of the incident were inconsistent with his testimony at trial. However, defendant does not identify the statements that he alleges were inconsistent. In addition, on cross-examination defendant's counsel asked Strasburg if he remembered wrestling with defendant on the ground during the incident. Strasburg replied that he "might have" remembered that at the time of his earlier testimony. Defendant's counsel then stated, "But that differs from what you originally told [Officer Richardson] that you got the white light, excruciating pain, and you went immediately down to your apartment, correct?" Strasburg replied, "Yeah. Once I got my bearings together, yeah." During closing argument, defense counsel also pointed out the inconsistencies in Strasburg's testimony and that there was "a clear indication that Mr. Strasburg was not being honest." Thus, the record establishes that defense counsel questioned Strasburg about his inconsistent statements and drew the jury's attention to these inconsistencies. Again, "decisions regarding . . . how to question witnesses are presumed to be matters of trial strategy." *Putman*, 309 Mich App at 248. We conclude that defendant has not established that defense counsel's performance fell below an objective standard of reasonableness regarding counsel's attempt to impeach Strasburg's testimony.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado